UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDS FOR FREEDOM,

Plaintiff,

v.                                                    Civil Action No. 23-3607 (TJK)

DEPARTMENT OF DEFENSE,

Defendant.

## **ANSWER**

Defendant Department of Defense, by and through the undersigned counsel, respectfully responds as follows to the separately numbered paragraphs and prayer for relief in Plaintiff Feds for Freedom's complaint, ECF No. 1, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action. For ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendant believes such headings require no response, to the extent a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

## **INTRODUCTION**

1.      This paragraph consists of Plaintiff's characterization of this suit, which requires no response.

2.      Defendant admits that it is a federal agency. Plaintiff's allegation that Defendant "oversaw key elements of [Operation Warp Speed] is a statement of opinion, which requires no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation, given the subjectivity and indeterminacy inherent in the term "key elements."

3.      This paragraph consists of statements of opinion, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, given the subjectivity and indeterminacy inherent in the terms "administering its role" and "fair and transparent."

4.      This paragraph consists of Plaintiff's characterization of the relief requested, which requires no response.

5.      This paragraph consists of Plaintiff's characterization of the relief requested, which requires no response.

## JURISDICTION AND VENUE

6.      This paragraph consists of legal conclusions, which require no response.

7.      This paragraph consists of legal conclusions, which require no response.

## PARTIES

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      Defendant admits that it is a federal agency with its headquarters at the Pentagon in Arlington County, Virginia, but denies that it is an independent agency. The remainder of this paragraph consists of legal conclusions and Plaintiff's characterization of Defendant's purpose, which require no response.

## STATEMENT OF FACTS

10.   This paragraph consists of Plaintiff's characterization of the FOIA, which requires no response. Defendant avers that the statute is the best evidence of its contents, respectfully refers the Court to the statute for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

11.   This paragraph consists of Plaintiff's characterization of the FOIA, which requires no response. Defendant avers that the statute is the best evidence of its contents, respectfully refers the Court to the statute for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

12.   This paragraph consists of purported excerpts of and Plaintiff's characterization of the FOIA, which requires no response. Defendant avers that the statute is the best evidence of its contents, respectfully refers the Court to the statute for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

13.   Defendant admits that Plaintiff submitted a FOIA request on March 10, 2023. The remainder of this paragraph consists of Plaintiff's characterization of its FOIA request, which requires no response. Defendant avers that the FOIA request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

14.   Defendant admits that it responded to Plaintiff's FOIA request on March 10, 2023. The remainder of this paragraph consists of Plaintiff's characterization of the response, which requires no response. Defendant avers that the response is the best evidence of its contents, respectfully refers the Court to the response for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

15. Defendant admits that the parties corresponded on March 22 and 29, 2023. The remainder of this paragraph consists of Plaintiff's characterization of the correspondence, which requires no response. Defendant avers that the correspondence is the best evidence of its contents, respectfully refers the Court to the correspondence for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

16. Defendant admits that the parties corresponded on September 11, 14, and 19, 2023. The remainder of this paragraph consists of Plaintiff's characterization of the correspondence, which requires no response. Defendant avers that the correspondence is the best evidence of its contents, respectfully refers the Court to the correspondence for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. This paragraph consists of legal conclusions, which require no response.

19. This paragraph consists of legal conclusions, which require no response.

20. This paragraph consists of legal conclusions, which require no response.

21. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT ONE
### (Failure to Produce Records Pursuant to FOIA)

22. Defendant realleges and reincorporate as if fully set forth herein all prior responses.

23. This paragraph consists of legal conclusions, which require no response.

24. This paragraph consists of legal conclusions, which require no response.

25. This paragraph consists of legal conclusions, which require no response.

26.    This paragraph consists of legal conclusions, which require no response.

27.    This paragraph consists of legal conclusions, which require no response.

The remaining paragraph and sub-paragraphs consist of Plaintiff's prayer for relief, which requires no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or any relief whatsoever.

*    *    *

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## First Defense

Plaintiff's request is unreasonably burdensome.

## Second Defense

Plaintiff's request fails to reasonably describe the records sought.

## Third Defense

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable exemptions the release of which foreseeably would harm an interest that the exemption protects, or which are protected from disclosure by one or more applicable exclusions.

## Fourth Defense

The Court lacks subject matter jurisdiction over this action to the extent that any requested relief exceeds the relief authorized by the FOIA.

## Fifth Defense

Plaintiff is neither eligible for nor entitled to a fee waiver.

5

<u>Sixth Defense</u>

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

<u>Seventh Defense</u>

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's responses to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

Dated: January 12, 2024                    Respectfully submitted,

                                           MATTHEW M. GRAVES
                                           D.C. Bar #481051
                                           United States Attorney

                                           BRIAN P. HUDAK
                                           Chief, Civil Division

                              By:    /s/_____
                                     BRADLEY SILVERMAN
                                     D.C. Bar #1531664
                                     Assistant United States Attorney
                                     601 D Street NW
                                     Washington, DC 20530
                                     (202) 252-2575
                                     bradley.silverman@usdoj.gov

                                     *Attorneys for the United States of America*