## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

FEDS FOR FREEDOM,                                              :

     *Plaintiff,*                                        :

                               : Case No.  23-CV-3607 (TJK)

     v.                                                   :

                                   :

DEPARTMENT OF DEFENSE,                                         :
     *Defendant.*                                        :

### DECLARATION OF MARK H. HERRINGTON

Pursuant to 28 U.S.C. § 1746, I, Mark H. Herrington, hereby declare under penalty of perjury that the following is true and correct:

1.     I am an Associate Deputy General Counsel in the Office of General Counsel ("OGC") Office of Litigation Counsel of the United States Department of Defense ("DoD"). OGC provides legal advice to the Secretary of Defense, other officials within the Office of Secretary of Defense ("OSD"), and other leaders within the DoD. I am responsible for, among other things, overseeing Freedom of Information Act ("FOIA") litigation involving DoD. I have held my current position since March 2007.

2.     The statements in this declaration are based upon my personal knowledge and upon my review of information available to me in my official capacity. Specifically, I am the OGC counsel assigned to this case. The purpose of this declaration is to detail the undue burden processing the request would place upon the Department.

3.     I am familiar with Plaintiff's March 10, 2023 FOIA request for:

all communications to/from or carbon copying (cc) or blind carbon copying (BCC) David Soldow related to COVID-19 and Operation Warp Speed. This is a Freedom of Information Act Request (FOIA) under the authority of the

1

Privacy Act of 1974. The definition of "documents, documentation, and communication" throughout this FOIA request includes emails (active and deleted), cables, policy, regulations, electronic communications, notes, messages exchanged between chat applications, calendar entries, and/or phone transcripts, in full or part, that can illustrate and provide details to the requested information detailed herein. I am seeking all communications related to Operation Warp Speed (OWS), companies contracted to work with DOD and other government elements on OWS, like Advanced Technology International, vaccine development, mRNAvaccine technology, Pfizer, Moderna, Johnson & Johnson or Jansen. It includes any details related to Astrazeneca, BioNtech, or any other vaccine for COVID-19. This includes any commercial contracts and/or DOD contracts made between the federal government and companies involved in OWS. Search terms should include but should not be limited to: Operation Warp Speed Contracts, Anthony Fauci, Rochelle P. Walensky, Robert R. Redfield, Vivek Murthy, Francis Collins, Lawrence Tabak, Hugh Auchinncloss, Jen Easterly, Nina Jankowitz, Katy Kale, DHS, CISA Advanced Technology International Vaccine, mRNA, Pfizer, Moderna, Johnson & Johnson, Jansen, david.soldow@gmail.com, Testing Masking Contract authority, Disinformation, Misinformation, Global Engagement Center, Safer Federal Workforce Taskforce, Facebook, Reddit, Microsoft, Verizon Media, Pinterest, LinkedIn, Wikimedia Foundation, CISA, Cyber security Advisory Committee, Justice Department National Security Division, Religious Accommodation, Medical Accommodation.[1]

The request was assigned tracking number 24-F-0566.

4.      The original request did not include a date range. In response to an inquiry from the OSD/JS FOIA request service center, Plaintiff stated that date range was between April 1, 2020, and May 1, 2022.

5.      Plaintiffs request is incredibly broad both in subject matter and timespan. The time frame is in excess of two years and the request is for communications regarding, without limitation, COVID-19, an unprecedented global pandemic affecting DoD in innumerable ways during those 25 months. At the height of the pandemic, DoD confronted issues ranging from how to continue the Department's vital global missions while keeping both the military and civilian workforce safe; quarantine policies; vaccine mandates and exceptions thereto; and involvement in

---

[1] The request did not include commas between the purported required search terms. I have attempted to decipher specified terms for clarity.

2

Operation Warp Speed - a partnership between the Departments of Health and Human Services and DoD aimed to help accelerate the development of a COVID-19 vaccine. Comparisons of subject matters that would have a similar volume of attention within DoD for an over-two-year period are few. The only broad requests that come to front of mind would be all communications regarding Iraq or Afghanistan during 25 months at the height of either campaign.

6. At first glance, Plaintiff's limitation to communication to or from a single individual would appear to limit the breadth of the request. While this could be true for communication to or from an individual outside of DoD or even a DoD employee that does not have a central connection to DoD's efforts to address issues surrounding COVID-19, such is not the case for David Soldow.

7. Captain David Soldow, United States Navy, was the OSD Executive Secretary ("EXECSEC") for a majority of the time frame specified by Plaintiff and the during the apex of COVID-19 issues facing the Department, from April 2020 through August 2021.

8. The OSD Executive Secretariate supports the Secretary and Deputy Secretary of Defense decision making and immediate office management by tasking and processing of executive correspondence as the primary Department of Defense administrative liaison to the White House, National Security Council, and Interagency. As the office manages all correspondence sent to and prepared for the SECDEF and DEPSECDEF, a request for communications to or from the EXECSEC is essentially a request for all communications to or from the Office of the Secretary of Defense.

9. In processing the request, the OSD office with access to CAPT Soldow's email conducted an initial search. It is unclear what search terms were used, so I'm not

3

certain that the search was broad enough to encompass the entirety of Plaintiff's request, and I anticipate that the large volume retrieved is only a portion of responsive records. That search located over 1.2 gigabytes of records. The volume is so large that attempts to get an accurate document and page count have failed. Estimates provided to me are that there are over 2,000 emails, each with attachments. Based upon my 17 years of experience, the length of emails and attachments can vary wildly, but I conservatively estimate an average 3 pages per email and an average 10 pages per attachment. With those estimates, the initial search located over 26,000 pages of records. Again, this is likely just the tip of the iceberg.

10.    As these records are communication to or from the Department's front office, the discussions would require the most scrutinous review, both by the OSD staff and by those providing the communications both withing DoD and from other federal agencies. Without actually processing the records, it is difficult to estimate how much time such processing would require. Between required actions; to include initial review, the need to send documents to subordinate DoD components or other federal agencies for consultations, final quality control, and legal review, I would conservatively estimate processing would ultimately take an average of 15 minutes per page, which would total 6,500 work hours for only the documents located by the initial search. Further, allocating that work effort at a rate of 500 pages per month, which would require dedicating substantial resources to the effort given the dozens of other FOIA litigations and the thousands of other FOIA requests currently being processed by the OSD/JS FOIA Office, would take over four years.

4

11.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of May 2024, in Arlington, VA.

_____
Mark H. Herrington, Esq.
Associate Deputy General Counsel