UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDS FOR FREEDOM,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE,<br><br>        Defendant. | Civil Action No. 23-3607 (TJK) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 56(a), Defendant Department of Defense

("Department"), by and through undersigned counsel, respectfully moves for summary judgment.

A memorandum of points and authorities in support thereof follows, and a statement of undisputed

material facts and proposed order are attached.

**BACKGROUND**

Plaintiff Feds for Freedom submitted a records request under the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552, to the Department on March 10, 2023. Request at 2, ECF No. 1-1.

Plaintiff's FOIA request consisted of a single paragraph, which read as follows:

SUBJECT: Request for all communications to/from or carbon copying (cc) or blind
carbon copying (BCC) David Soldow related to COVID-19 and Operation Warp
Speed.  This is a Freedom of Information Act Request (FOIA) under the authority
of the Privacy Act of 1974.  The definition of "documents, documentation, and
communication" throughout this FOIA request includes emails (active and deleted),
cables, policy, regulations, electronic communications, notes, messages exchanged
between chat applications, calendar entries, and/or phone transcripts, in full or part,
that can illustrate and provide details to the requested information detailed herein.
I am seeking all communications related to Operation Warp Speed (OWS),
companies contracted to work with DOD and other government elements on OWS,
like Advanced Technology International, vaccine development, mRNAvaccine
technology, Pfizer, Moderna, Johnson & Johnson or Jansen.  It includes any details
related to Astrazeneca, BioNtech, or any other vaccine for COVID-19.  This

includes any commercial contracts and/or DOD contracts made between the federal government and companies involved in OWS.  Search terms should include but should not be limited to: Operation Warp Speed Contracts Anthony Fauci Rochelle P. Walensky Robert R. Redfield Vivek Murthy Francis Collins Lawrence Tabak Hugh Auchinncloss Jen Easterly Nina Jankowitz Katy Kale DHS CISA Advanced Technology International Vaccine mRNA Pfizer Moderna Johnson & Johnson Jansen david.soldow@gmail.com Testing Masking Contract authority Disinformation Misinformation Global Engagement Center Safer Federal Workforce Taskforce Facebook Reddit Microsoft Verizon Media Pinterest LinkedIn Wikimedia Foundation CISA Cyber security Advisory Committee Justice Department National Security Division Religious Accommodation Medical Accommodation.

Request at 3-4. Plaintiff filed this action on December 4, 2023. *See* Compl., ECF No. 1. Prior to filing this motion, the Department attempted to negotiate with Plaintiff to narrow the FOIA request's scope so that processing it would not impose undue burden on the Department. Despite this entreaty, however, Plaintiff refused to consider narrowing the request's scope.

## LEGAL STANDARD

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "FOIA cases typically and appropriately are decided on motions for summary judgment." *Coss v. Dep't of Just.*, 133 F. Supp. 3d 1, 4 (D.D.C. 2015). An agency may rely on reasonably detailed and non-conclusory declarations to meet this burden. *See McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983), *aff'd in relevant part*, 711 F.2d 1076 (D.C. Cir. 1983).

## ARGUMENT

Plaintiff's FOIA request is unduly burdensome, so the Department is not obliged to process it. FOIA requires an agency to respond to a records request that "reasonably describes such record[s]." 5 U.S.C. § 552(a)(3)(A). A request thus "triggers the agency's obligation to search for and disclose all responsive records" only if it "reasonably describes the records sought." *Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.*, 874 F.3d 287, 288 (D.C. Cir. 2017) (cleaned

up). After all, "there are limits to the lengths to which an agency must go in responding to a FOIA request." *Schrecker v. Dep't of Just.*, 349 F.3d 657, 664 (D.C. Cir. 2003). "FOIA envisions that applicants will reasonably describe the records they seek, and agencies are entitled to demand it." *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 88 (D.D.C. 2021).

A FOIA request does not reasonably describe the records sought if it is "so broad as to impose an unreasonable burden upon the agency." *Am. Fed'n of Gov't Emps. v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990). A search is unreasonably burdensome if it "would require the agency to locate, review, redact, and arrange for inspection a vast quantity of material." *Id.* An agency "need not honor a request that requires an unreasonably burdensome search." *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020). Thus, "when the request as drafted would require an agency to undertake an unreasonably burdensome search, the agency can decline to process the request." *Id.* In determining whether or not a FOIA request is unduly burdensome, "the touchstone is reasonableness." *Ctr. for Immigr. Stud. v. USCIS*, 628 F. Supp. 3d 266, 271 (D.D.C. 2022) (cleaned up). "Requesters may not make unreasonable demands of an agency, such as by seeking whatever document they want from whomever and wherever they choose. Despite its seemingly boundless breadth, FOIA still protects agencies from undue burdens." *Id.* (cleaned up). An agency must provide a "sufficient explanation as to why" a FOIA request is "unreasonably burdensome." *Nation Mag. v. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995). Courts may "rely upon [declarations] submitted by the agency, describing its search procedures and explaining why a more thorough investigation would have been unduly burdensome." *McGehee*, 697 F.2d at 1102.

Plaintiff's FOIA request is unreasonably burdensome. Plaintiff seeks all records from April 1, 2020, through May 1, 2022 "related to COVID-19 and Operation Warp Speed," Request at 3, "an unprecedented global pandemic affecting [the Department] in innumerable ways during those

3

25 months," Herrington Decl. ¶ 5; *see also Confed. Tribes of Chehalis Reserv. v. Mnuchin*, 976 F.3d 15, 29 (D.C. Cir. 2020) (Henderson, J., concurring), *rev'd on unrelated grounds*, 141 S. Ct. 2434 (2021) ("The COVID-19 pandemic is an unprecedented calamity . . . and invades nearly every facet of life."); *Altschuld v. Raimondo*, Civ. A. No. 21-2779 (TSC), 2021 WL 6113563, at *5 (D.D.C. Nov. 8, 2021) (Covid-19 "affected almost every aspect of daily life"). "At the height of the pandemic, [the Department] confronted issues ranging from how to continue [its] vital global missions while keeping both the military and civilian workforce safe; quarantine policies; vaccine mandates and exceptions thereto; and involvement in Operation Warp Speed—a partnership between the Departments of Health and Human Services and [Defense] aimed to help accelerate the development of a COVID-19 vaccine." Herrington Decl. ¶ 5. According to the Department's Associate Deputy General Counsel responsible for overseeing all FOIA litigation involving the Department, "[c]omparisons of subject matters that would have a similar volume of attention within [the Department] for an over-two-year period are few." *Id.* ¶¶ 1, 5. "The only broad requests that come to front of mind would be all communications regarding Iraq or Afghanistan during 25 months at the height of either campaign." *Id.* ¶ 5.

The fact that Plaintiff's request is limited to communications to and from a specific person, Captain David Soldow, does not limit it enough to avoid unreasonable burden on the Department given Soldow's "central connection to [the Department's] efforts to address issues surrounding COVID-19." Herrington Decl. ¶ 6. Soldow was Executive Secretary for the Office of the Secretary of Defense "for a majority of the time frame specified by Plaintiff and [ ] during the apex of COVID-19 issues facing the Department, from April 2020 through August 2021." *Id.* ¶ 7. The Office of the Secretary's Executive Secretariat "supports the Secretary and Deputy Secretary of Defense decision making and immediate office management by tasking and processing of

4

executive correspondence as the primary Department of Defense administrative liaison to the White House, National Security Council, and Interagency." *Id.* ¶ 8. Because "the office manages all correspondence sent to and prepared for the [Secretary of Defense] and [Deputy Secretary of Defense], a request for communications to or from [the Office's Executive Secretary] is essentially a request for all communications to or from the Office of the Secretary of Defense." *Id.*

Processing Plaintiff's request also would take the Department an unreasonable amount of time. A preliminary search for records responsive to Plaintiff's request yielded over 1.2 gigabytes of material. Herrington Decl. ¶ 9. This estimate likely is highly underinclusive—Plaintiff's request specified a large number of search terms to include, but the preliminary search might not have used all those terms, and thus would not have been broad enough to turn up all responsive records. *Id.*; Request at 3-4. While the volume of records that the preliminary search yielded is large enough that the Department presently is unable to ascertain a precise record or page count, the Department estimates that there are over 2,000 emails, each with attachments. *Id.* The Department's Associate Deputy General Counsel explained that based on his seventeen years of experience, it would be a conservative estimate to assume that each email was, on average, approximately three pages long and each attachment was, once again on average, approximately ten pages long. *Id.* ¶¶ 1, 9. Based on these conservative estimates, the preliminary search yielded over 26,000 pages—which, once again, likely significantly understates the actual number of responsive pages. *Id.* ¶ 9.

"Between required actions" like "initial review, the need to send documents to subordinate [agency] components or other federal agencies for consultations, final quality control, and legal review," the Department "would conservatively estimate [that] processing would ultimately take an average of 15 minutes per page, which would total 6,500 work hours for only the documents located by the initial search," which, again, likely is underinclusive. Herrington Decl. ¶ 10. For

perspective, a judge in this District determined that responding to a request would be unreasonably burdensome where processing would have taken less than half that time. *See Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) (search that "would take approximately 3675 hours" would impose unreasonably burdensome). Moreover, because the records at issue "are communication to or from the Department's front office, the discussions would require the most scrutinous review, both by [Office of the Secretary] staff and by those providing the communications both withi[n] [the Department] and from other federal agencies." Herrington Decl. ¶ 10; *compare Ctr. for Immigr. Stud.*, 628 F. Supp. 3d at 273 ("based on the high positions of the three officials, [agency] will have to review all their emails closely for redactions under multiple FOIA exemptions").

"The unreasonableness of [this] burden," moreover, "is only more obvious when one realizes that it is largely unnecessary to [Plaintiff's] purpose." *Am. Fed'n*, 907 F.2d at 209. Plaintiff asserts that its "purpose . . . is to protect employee rights by confronting the federal government's mandates requiring vaccination for COVID-19," Compl. ¶ 8, but it did not limit its request to only records concerning vaccine mandates—to the contrary, it seeks any records "related to Covid-19 and Operation Warp Speed," Request at 3. Nor is there a close conceptual link between Operation Warp Speed and vaccine mandates—although obviously both involve Covid-19 vaccines, records concerning Operation Warp Speed do not necessarily have anything to do with vaccine mandates, and vice versa. *Compare Am. Fed'n*, 907 F.2d at 209 ("Request 3A is in no way tied to their expressed concern with promotion-related materials, and Request 3B entails inspection of the entirety of every file in which any such material can be found, rather than merely a copy of the relevant documents"); *Ctr. for Immigr. Stud.*, 628 F. Supp. 3d at 273-74 ("Although the Center worries about the Biden Administration's drastic and abrupt policy shifts it has not tailored its requests to emails related to a particular policy or policies. Instead, it seeks nine months of all

emails from three high ranking bureaucrats. The agency thus will process thousands of documents with no conceivable relation to the policies in which the Center proclaims an interest. . . . That burden is more obviously unreasonable given this mismatch between the material that the Center says it wants and the material that the Center's requests will force USCIS to review" (cleaned up)); *Freedom Watch v. Dep't of State*, 925 F. Supp. 2d 55, 61 (D.D.C. 2013) (request was unreasonable because it was not limited to employees who "might have had something to do" with an issue).

For these reasons, processing Plaintiff's request would be unreasonably burdensome.

## CONCLUSION

This Court should grant the Department summary judgment.

Dated:  May 29, 2024
        Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____ */s/ Bradley G. Silverman* _____
        BRADLEY G. SILVERMAN
        D.C. Bar No. 1531664
        Assistant United States Attorney
        601 D Street NW
        Washington, DC 20530
        (202) 252-2575
        bradley.silverman@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDS FOR FREEDOM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF DEFENSE,<br><br>　　　　　Defendant. | Civil Action No. 23-3607 (TJK) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's motion for summary judgment, the various memoranda submitted in support thereof and opposition thereto, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED;

ORDERED that judgment is ENTERED for Defendant.

SO ORDERED.


_____          _____
Dated                                                             TIMOTHY J. KELLY
                                                                        United States District Judge

8